UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DON MEADOWS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROCKFORD HOUSING AUTHORITY | ) |
| | ) |
| METRO ENFORCEMENT | ) |
| | ) |
| LARRY HODGES | ) |
| | ) |
| JOHN M. NOVAY | ) |

**COMPLAINT**

Now comes Plaintiff, DON MEADOWS, by and through his attorney, Stephen L. Richards, and make the following complaint against Defendants ROCKFORD HOUSING AUTHORITY, METRO ENFORCEMENT, LARRY HODGES, and JOHN M. NOVAY and states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). Defendants reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff Don Meadows was a resident of Rockford, Illinois.

5. Rockford Housing Authority is a municipal corporation, duly incorporated under the laws of the State of Illinois.

6. Metro Enforcement is an agent of the Rockford Housing Authority.

7. At all relevant times, Larry Hodges was the director of Metro Enforcement and acting within the scope of his employment and under color of law.

8. At all relevant times, John M. Novay was an officer of Metro Enforcement and acting within the scope of his employment and under color of law.

## FACTUAL ALLEGATIONS

9. On September 18, 2010, Don Meadows was residing at 1000 Chamberlin Street, apartment #101, an apartment leased to him in connection with his employment as a building engineer with the Rockford Housing Authority.

10. On that same date, defendant Novay, acting under orders from defendant Larry Hodges, and at the behest of defendant Rockford Housing Authority, entered apartment #101.

11. Defendant Novay entered without a warrant, permission to enter, or any legal right or authority.

12. Twenty minutes after defendant Novay entered, Don Meadows returned to apartment #101.

13. Defendant Norvay refused to leave and physically assaulted Don Meadows.

14. Don Meadows called "911" and the Rockford police arrived.

15. The Rockford police explained to defendant Norvay that this the proper way to perform an eviction.

16. Following this incident, and, as a direct result of defendants' actions, Don Meadows was dismissed from defendant Rockford Housing Authority.

17. At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

## Count I – 42 U.S.C. § 1983 False Arrest

18. Plaintiff re-alleges paragraphs 1 through 17 as if fully repleaded herein.

19. On March 11, 2010, Plaintiff was stopped and seized without a warrant, without probable cause, and without reasonable suspicion. This seizure and arrest were in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

20. Defendants unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, under color of state law, and acting within the scope of their employment.

21. The acts committed by defendants were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 Unlawful Search

21. Plaintiff re-alleges paragraphs 1 through 21 as if fully repleaded herein.
22. Defendants illegally entered and searched Plaintiff's apartment and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.
23. The aforementioned actions of the defendants proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, plus, Plaintiff seeks a substantial sum in punitive damages against the Defendants, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

DON MEADOWS

Plaintiff,   /s/

                By: Stephen L. Richards
                    651 W. Washington Suite 205
                    Chicago, IL 60661
                    773-817-6927
                    Sricha5461@aol.com
                    Attorney No: 6191946