## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Don Meadows, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 12 C 50310 |
| | ) | |
| Rockford Housing Authority, et al., | ) | |
| | ) | |
| *Defendants.* | ) | Judge Frederick J. Kapala |

### ORDER

Defendants' motions to dismiss [52][55] are granted in part. Counts I and IV are dismissed. Count III is dismissed as to defendant Rockford Housing Authority. The motions are otherwise denied.

### STATEMENT

Plaintiff, Don Meadows, has sued Rockford Housing Authority ("RHA"), the director of Metro Enforcement ("Metro") Larry Hodges, and Metro officer John Novay, alleging claims based on violations of his Fourth Amendment rights pursuant to 42 U.S.C. § 1983 and state law claims. Currently pending before the court are defendants' motions to dismiss Meadows' second amended complaint for failure to state a claim. For the reasons which follow, those motions are granted in part and denied in part.

### I. BACKGROUND

According to the complaint, which this court accepts as true for the purposes of the motion to dismiss, in late 2010, Meadows resided in an apartment leased to him in connection with his employment as a building engineer with RHA. In September 2010, RHA requested that Hodges assign an officer to investigate whether Meadows was subletting that apartment. Hodges assigned Novay to the investigation.

Novay investigated the issue, including interviewing at least one person, and during that investigation held himself out as an investigator for RHA and characterized his activities as a RHA investigation. Sometime between September 16, 2010 and September 18, 2010, RHA instructed Hodges, who in turn instructed Novay, to change the locks on the apartment and evict Meadows. On September 18, 2010, Novay entered the apartment while Meadows was not home without a warrant, other court order, or Meadow's consent. Twenty minutes after Novay entered the apartment, Meadows returned home. Novay refused to leave the apartment and, allegedly, physically assaulted Meadows, who in turn called the Rockford Police Department. When the Rockford police arrived, they informed Novay that he was improperly performing an eviction. Nevertheless, because of this incident, Meadows was terminated from his employment at RHA.

Based on the foregoing allegations, Meadows filed a complaint with this court, which has been subsequently amended. The currently operative complaint, the second amended complaint, sets out four claims: false arrest in violation of the Fourth Amendment pursuant to § 1983 (Count I), unlawful search in violation of the Fourth Amendment pursuant to § 1983 (Count II), trespass in violation of Illinois law (Count III), and false imprisonment in violation of Illinois law (Count IV). RHA has moved to dismiss all four counts. Novay and Hodges have filed their own motion to dismiss all four counts and joined in RHA's motion. However, the arguments from each motion largely overlap, so the court will address the bulk of the arguments together, only differentiating between the motions as necessary when important to the outcome.

## II. ANALYSIS

When deciding a defendant's motion to dismiss, a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

Defendants first argue that Counts I and II must be dismissed because Novay was not acting "under color of any statute, ordinance, regulation, custom, or usage, of any State," 42 U.S.C. § 1983, at the time of his entrance into Meadows' apartment. They also argue that plaintiff has inadequately pled each of his four counts, or that they are time barred. The court will consider each in turn.

### A. Under Color of State Law

Defendants first argue that Counts I and II, the § 1983 claims, must be dismissed because Novay was a private citizen employed by a private company at the time he entered Meadows' apartment. Meadows argues that because the complaint alleges that RHA ordered Novay, by way of Hodges, to enter the apartment, Novay was acting under color of state law at the time.

"When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). The Seventh Circuit has acknowledged the "difficulty of determining whether a private entity has acted under the color of state law" and described it as "one of the more slippery and troublesome areas of civil rights litigation." Id. at 823 (quotation marks omitted). Nevertheless, "the ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the State?" Id. (alteration and quotation marks omitted). The Seventh Circuit has identified a number of situations where private conduct is fairly attributable to the state, including "where the state compels the discriminatory action." Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815 (7th Cir. 2009); see also Rodriguez, 577 F.3d at 823-24 (listing the "state command

and encouragement test" as one of the ways to show a private entity acted under color of state law). The Supreme Court has helped to put some parameters on that concept, stating that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).

The complaint states that RHA "instructed defendant Hodges, who in turn instructed defendant Novay, to change the locks on apartment #101 and to evict Don Meadows from the apartment." (Second Amend. Compl. ¶ 13.) If that allegation is true, the state agency not only encouraged but actually directly commanded the activity which Meadows alleges violated his rights. Thus, the complaint adequately alleges that Novay acted under the color of state law.

### B. Count I - False Arrest

Defendants next argue that Count I does not state a claim, as there is no allegation that Novay seized Meadows in the complaint. Meadows argues that the allegation that Novay "refused to leave and physically assaulted [him]," (Second Amend. Compl. ¶ 17), is sufficient to show a seizure.

The Seventh Circuit has warned that not "every state law battery by a [state agent] constitutes a Fourth Amendment seizure." Acevedo v. Canterbury, 457 F.3d 721, 725 (7th Cir. 2006). A seizure occurs when a state agent, typically a police officer, "by means of physical force or show of authority in some way restrains the liberty of a citizen." Id. at 724 (alterations omitted) (quoting Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968)). "Certain types of non-restraining physical contact, without a concomitant showing of authority, are just too minor to constitute a 'seizure' for Fourth Amendment purposes without doing violence to that word." Id.; see also Carlson v. Bukovic, 621 F.3d 610, 621 (7th Cir. 2010) ("[I]t is . . . clear that a mere touch is not per se a seizure under the Fourth Amendment.").

The allegation that Novay "physically assaulted" Meadows does not set out a plausible claim for relief. There are no allegations that Meadows was restrained by whatever physical assault he allegedly suffered. Indeed, the very next allegation concerns Meadows calling the police, which suggests he was capable of exercising at least some freedom of movement and action. Although Meadows is not under any obligation to plead an in-depth factual scenario, he must plead enough facts to raise his right to relief above the speculative level. See Twombly, 550 U.S. at 555. Here, the court is left to speculate as to what Meadows means by alleging he was "physically assaulted" and whether that includes any restraint on his liberty. Accordingly, Meadows has not set out a plausible claim for relief, and the court grants defendants' motions to dismiss Count I.

In his opposition to the motions to dismiss, Meadows requests an opportunity to amend his complaint in the event the court finds the allegations insufficient to meet the plausibility standard. However, in violation of this court's standing order on requests to amend in response to a Rule 12 motion, Meadows has failed to set out how he would amend his complaint in order to cure the identified deficiency or attached an amended pleading. See This Court's Standing Order on Motions dated September 14, 2010, available at http://www.ilnd.uscourts.gov/home/Judges.aspx ("In the case of a Rule 12(b)(6) motion, if a plaintiff wishes to retain an opportunity to amend the complaint following an adverse decision of this court, plaintiff should request the court's leave to replead in its response to defendant's Rule 12(b)(6) motion and inform the court of how, consistent with the

3

requirements of Rule 11, it would amend the complaint. If a plaintiff fails to request such relief in its response, and this court finds in favor of the defendant, the dismissal will be with prejudice unless the court determines there are exceptional circumstances which would warrant leave to amend." (citations omitted)). The court finds no exceptional circumstances which would warrant leave to amend. Thus, the request to amend is denied.

### C. Count II - Unlawful Search

Defendants next argue, in very brief fashion, that the complaint fails to plausibly allege that Novay engaged in an unlawful search in violation of the Fourth Amendment. The Fourth Amendment explicitly protects a person's home from searches without a warrant, and "entry" by state agents "into a home is generally considered a search." United States v. Curlin, 638 F.3d 562, 565 (7th Cir. 2011). Meadows alleges in his complaint that Novay "entered and searched Plaintiff's apartment" and that he "entered apartment #101" without a warrant and refused to leave twenty minutes later when Meadows returned home. (See Second Amend. Compl. ¶¶ 14-17, 28.) Accordingly, he has plausibly alleged that Novay violated his Fourth Amendment rights when he entered the apartment without a warrant.

### D. Count III - Trespass

Defendants argue that Meadows' claim for trespass is time barred because he failed to file it within the one-year statute of limitations as required by the Illinois Tort Immunity Act, 745 ILCS 10/8-101(a). Meadows admits that Count III must be dismissed as to RHA, but argues that the Illinois Tort Immunity Act does not apply to defendants Novay or Hodges.

The Illinois Tort Immunity Act states that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." Id. The Act defines employee to include a "present or former officer, member of a board, commission or committee, agent, volunteer, servant or employee, whether or not compensated, but does not include an independent contractor." 745 ILCS 10/1-202. Hodges and Novay do not argue that they meet that definition, instead they argue that because Meadows alleges they acted under color of state law they must therefore be employees for the purposes of the Illinois Tort Immunity Act and that Meadows "cannot have it both ways." (Def. Reply Br. 5.)

Novay and Hodges' arguments are unpersuasive. First, Meadows can plead "both ways." Even if the § 1983 allegations were inconsistent with the allegations set out in Count III—which they are not, see infra—that would not be a basis for dismissing either claim. See Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). In other words, the Federal Rules of Civil Procedure presume that a plaintiff may allege that a defendant is a state actor and thus liable for X, and if it turns he is not a state actor, he is instead liable for Y. See Fed. R. Civ. P. 8(d)(2). Furthermore, the allegations in this case are not inconsistent. Whether a private individual is acting pursuant to state law for the purposes of § 1983, which was written by Congress, has nothing to do with whether they meet the definition for "employee" the Illinois Legislature wrote into the Illinois Tort Immunity Act. The standards are not reliant or dependent on one another in any way, nor are they co-terminus. Compare Placko v. Fawver, 55 Ill. App. 3d 759, 763-64 (1977) (noting that a veterinarian exercising "police powers of

4

government" was not necessarily an employee under the Illinois Tort Immunity Act) with Wade v. Byles, 83 F.3d 902, 906-07 (7th Cir. 1996) (discussing delegation of police powers as meeting the color of state law requirement of § 1983); United States v. Hoffman, 498 F.2d 879, 881 (7th Cir. 1974) (delegation of police authority is sufficient to show private railroad police officers acted under color of state law). Because this is the only ground relied on by Novay and Hodges to argue in support of their motion to dismiss Count III, the court denies their motion to dismiss as to Count III. The court grants RHA's motion to dismiss as to Count III based on Meadows' admission.

### E. Count IV - False Imprisonment

Finally, defendants argue that Meadows has not pled a plausible claim for false imprisonment because there are no allegations that Novay imprisoned Meadows at any time. Alternatively, they argue that the claim is time barred. Because the court agrees with defendants that the complaint fails to set out a plausible claim for relief, it need not address the timeliness concerns.

In Illinois, the "common law tort of false imprisonment is defined as an unreasonable restraint of an individual's liberty, against his will, caused or procured by the defendant." Hanna v. Marshall Field & Co., 279 Ill. App. 3d 784, 793 (1996) (quotation marks omitted). "To state the tort of false imprisonment, the evidence must establish a restraint against the plaintiff's will, as where she yields to force, to the threat of force or the assertion of authority." Id. (quotation marks omitted).

The claim for false imprisonment fails for the same reason as the false arrest claim—there are no allegations concerning the restraint of Meadows' liberty and, thus, no plausible claim.

### III. CONCLUSION

The motions to dismiss are granted in part and denied in part. The motions are granted as to Counts I and IV, and RHA's motion is granted as to Count III. The motions are otherwise denied.

Date: 2/20/2014

ENTER:

_____

FREDERICK J. KAPALA

District Judge