# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Don Meadows, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 12 C 50310 |
| | ) | |
| Rockford Housing Authority, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Frederick J. Kapala |

## ORDER

Summary judgment is granted to defendants Novay and Hodges on plaintiff's § 1983 claims. The court relinquishes jurisdiction over plaintiff's trespass claim. This case is closed.

## STATEMENT

On September 25, 2015, this court entered summary judgment in favor of Rockford Housing Authority ("RHA"), but denied defendant John M. Novay's motion for summary judgment. Larry Hodges, the third defendant and Novay's boss at Metro Enforcement, did not file for summary judgment. In the process of adjudicating those motions, the court also indicated to the parties that it was considering granting Novay summary judgment sua sponte pursuant to Federal Rule of Civil Procedure 56(f) and ordered the parties to address the following:

(1) Whether Novay who, based on the undisputed facts, honestly believed that the apartment had been sublet to Sockwell and that Sockwell had voluntarily vacated the premises, can be liable if an officer in his position could have reasonably believed the apartment was vacant, and thus Meadows did not have a protected interest in the apartment, at the time the officer entered;

(2) Whether qualified immunity applies to a private security guard functioning at the direct behest of a public agency and, if so, whether it immunizes Novay's actions; and

(3) What effect, if any, summary judgment for Novay would have on the liability of Hodges, the remaining defendant.

The parties have now filed their briefs addressing the foregoing, and, having considered those responses, the court grants summary judgment to Novay and Hodges on plaintiff's § 1983 Fourth Amendment claims.[1] Because the court finds the second and third questions dispositive of Novay's

---

[1] The court already set out the facts and legal background concerning the instant dispute at some length in its September 25, 2015 order, which neither party argues was an inaccurate summary. The court incorporates that section into this order and will address the parties' arguments without setting it out again.

and Hodge's § 1983 liability, it need not address the first one.

## A. Qualified Immunity

The threshold issue in this court's second question is whether Novay, as a private security guard ultimately ordered by a state agency to perform a task, is permitted to assert qualified immunity at all.

Qualified immunity is a shield which "protects government's ability to perform its traditional functions" by "helping to avoid unwarranted timidity in performance of public duties, ensuring that talented candidates are not deterred from public service, and preventing the harmful distractions from carrying out the work of government that can often accompany damages suits." Filarsky v. Delia, 566 U.S. ___, 132 S. Ct. 1657, 1665 (2012) (alteration and quotation marks omitted). But this immunity is not limited to just full-time government employees. Instead, the Supreme Court affords qualified immunity to most individuals acting on behalf of the government because the government has an interest in hiring talented individuals on any number of bases, including for part-time and contract work. Id. at 1665-66.

Meadows nonetheless asserts that Novay, who was working as a private contract security guard at the time in question, does not qualify to assert qualified immunity due to Richardson v. McKnight, 521 U.S. 399 (1997). In that case, the Supreme Court determined that prison guards who worked in a private, multi-state, for-profit prison system could not assert qualified immunity. Id. at 409-12. However, the Supreme Court in Filarsky, the most recent word from the Court on qualified immunity for less-than-full-time employees of government agencies, noted that Richardson was "a self-consciously narrow decision." 132 S. Ct. at 1667 (alteration and quotation marks omitted). There, the "particular circumstances of that case—a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) with limited direct supervision by the government, undertaking that task for profit and potentially in competition with other firms—combined sufficiently to mitigate the concerns underlying recognition of governmental immunity under § 1983." Id. (alteration and quotation marks omitted). The Court went on to note in the "typical case of an individual hired by the government to assist in carrying out its work" which lacked that special mix of factors, qualified immunity would apply. Id. Here, there is no suggestion that Metro Enforcement, the company Novay worked for, lacked direct supervision by RHA. Indeed, the record discloses the opposite, as Metro was given the specific order by RHA to do the act of which Meadows complains. Had RHA sent one of its full-time employees to check the apartment and change the locks, there is no question that the individual would be permitted to assert qualified immunity. The fact that they sent a contractual agent, instead, does not alter that result. Thus, since this case does not have the unique mix of particular circumstances that Richardson did, Novay may assert qualified immunity.

Turning, then, to the application of qualified immunity in this case, qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Volkman v. Ryker, 736 F.3d 1084, 1089 (7th Cir. 2013) (quotation marks omitted). "The qualified immunity analysis therefore traditionally involves a two-part inquiry." Id. at 1090. "The first question is whether the defendants' conduct violated a constitutional right." Id. The court has already ruled against Novay on this point, at least so far as his consent argument is concerned, in its

2

previous order finding that, based on the evidence offered by Meadows, a reasonable jury could conclude that Novay violated one of Meadows's constitutional rights. "The second question is whether that particular constitutional right was clearly established at the time of the alleged violation." Id. (quotation marks omitted). It is to that question the court must address itself in this order. The burden to make that showing rests with Meadows, and he must "show that the contours of the right he alleges was violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. (quotation marks omitted). "[F]or qualified immunity to be surrendered, preexisting law must dictate, that is, truly compel the conclusion for every like-situated, reasonable government agent that what he is doing violates federal law in the circumstances." Id. (alterations and quotation marks omitted). In other words, courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." Mullenix v. Luna, 577 U.S. ___, 136 S. Ct. 305, 308 (2015) (quotation marks omitted). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." Id. (quotation marks omitted).

Novay's original summary judgment argument was that Meadows had consented to his landlord, RHA, or its agent—in this case Novay was undisputedly functioning as RHA's agent—to enter the apartment because his lease read that RHA or its agent can enter anytime RHA "reasonably believes that an emergency exists which requires such entrance." In this court's previous order, it held that "[t]here is evidence to support the notion that RHA had a reasonable belief that an emergency existed: RHA had good reason to believe an unauthorized person had been located on the property the day before with a key to apartment 101 and the remainder of the building was full of elderly and disabled tenants." The court went on to hold that, notwithstanding that evidence, a reasonable jury could conclude otherwise because there was countervailing evidence. But in light of qualified immunity, the analysis changes to require that Meadows show that no reasonable government agent presented with that evidence could have believed that RHA's belief in an emergency was reasonable in order to trigger the consent-to-enter provision. See Gerhartz v. Richert, 779 F.3d 682, 688 (7th Cir. 2015) (noting that qualified immunity shielded an officer who reasonably believed that exigent circumstances permitted a search).

Meadows makes no attempt to provide any citation to case law as to what would be a reasonable belief of an emergency which could have provided Novay with guidance on the question. This failure to provide any authority is likely due to Meadows's defining the question as "whether the right at issue, the 4th [A]mendment[,] was clearly established on September 18, 2010." (Pl. Br. at 7.) However, the "Supreme Court has repeatedly told courts not to define clearly established law at a high level of generality and the Seventh Circuit has long held that the test for immunity should be whether the law was clear in relation to the specific facts confronting the public official when he acted." Volkman, 736 F.3d at 1090 (alteration, citation, and quotation marks omitted). The only case in similar circumstances this court's research turned up is a single district court case, Pope v. Gary Hous. Auth., No. 2:09-CV-301 JVB, 2012 WL 1035449, at *4 (N.D. Ind. Mar. 27, 2012), which is not sufficient to show that the law is "clearly established." See Kikumura v. Turner, 28 F.3d 592, 596 (7th Cir. 1994) (holding that even a single out-of-circuit court of appeals case is not enough); Lojuk v. Johnson, 770 F.2d 619, 631 (7th Cir. 1985) ("In summary, the most that plaintiff can point to is one district court case (Rennie), one circuit court case (Runnels), and several other decisions that are distantly related, at best. Such a showing is insufficient to prove that the right to

3

refuse treatment was clearly established . . . ." (footnote omitted)). Moreover, even if the Pope opinion was sufficient, it was not released until more than eighteen months after Novay entered Meadows's apartment to change the locks, and thus could not have informed his decision in any event.

Without any other authority placing the issue "beyond debate," a reasonable government official could conclude that the circumstances which confronted him triggered the consent-to-enter provision of Meadows's lease. Thus, Novay is immune from Meadows's § 1983 claim pursuant to the Fourth Amendment. Summary judgment is entered in his favor on that claim (Count II).

### B. Hodges

In his initial brief in response to this court's Rule 56(f) order, Meadows fails to answer the third question, instead requesting that this court provide another Rule 56(f) opportunity to address Hodges's liability in the event it grants summary judgment to Novay. However, in his reply brief, Meadows admits that "liability for Hodges flows from Novay's entry into the apartment (the search) and subsequent seizure of the apartment." (Pl. Reply Br. 5.) There is no suggestion in the record that Hodges, who also worked for Metro as a contract employee subject to RHA's supervision, was faced with any different circumstances than Novay, or that the law was any more established earlier in the day when Hodges ordered Novay to go to the apartment. Thus, for the same reasons as set out above, Hodges is also immune from Meadows's § 1983 claim pursuant to the Fourth Amendment, and summary judgment is entered in his favor on that claim (Count II).

### C. Trespass

Although "supplemental jurisdiction persists even if all the claims giving rise to original jurisdiction have been dismissed," the general rule is that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Miller v. Herman, 600 F.3d 726, 738 (7th Cir. 2010) (quotation marks omitted); see also 28 U.S.C. § 1367(c). Here, the court exercises its discretion and declines to consider plaintiff's trespass claim which is premised on state law. Accordingly, Count III is dismissed without prejudice to filing in state court. As that is the final pending claim, this case is closed.

Date: 12/21/2015         ENTER:

_____
FREDERICK J. KAPALA
District Judge